UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR SHARIKOV, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants. | Case No.:  24-cv-1608-AGS-SBC<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR EXPEDITED DISCOVERY [ECF NO. 15]** |

Presently before the Court is Plaintiffs' Ex Parte Motion for Expedited Discovery. (ECF No. 15.) The Court held a discovery hearing on this matter on November 15, 2024. (ECF No. 27.) For the reasons stated on the record and as set forth below, Plaintiffs' motion is **DENIED**.

## I. BACKGROUND

Plaintiffs filed a Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus on September 9, 2024. (ECF No. 1.) Plaintiffs bring this action to enjoin an alleged unwritten policy and practice by the Department of Homeland Security ("DHS") of categorically detaining Russian asylum seekers to deter Plaintiffs and others similarly situated from seeking refuge in the United States, referred to by Plaintiffs as "the Russian

Detention & Deterrence Scheme." (*Id.* at 5.) Plaintiffs in this suit are thirty (30) Russian asylum seekers who are currently detained in various immigration detention facilities in the United States. (*Id.*) Plaintiffs allege that Defendants have a longstanding policy directive precluding detention of asylum seekers except in unusual cases, referred to as the "Parole Directive." (*Id.*) According to Plaintiffs, the Parole Directive instructs Immigration and Customs Enforcement ("ICE") "to make an individualized determination as to the person's flight and public safety, or national security risk profile in exercising discretion to release or detain the noncitizen." (*Id.* at 5-6.) Plaintiffs allege that the Parole Directive, implemented in 2009, "directs ICE to release asylum seekers, provided they establish their identity and show they are not a danger or flight risk." (*Id.* at 6.) Plaintiffs claim that notwithstanding the Parole Directive, DHS has "embarked on an unlawful scheme of indefinitely detaining Russian asylum seekers at ICE Field Offices across the country." (*Id.*)

On October 19, 2024, Plaintiffs filed a Motion for Preliminary Injunction, initially set for hearing on November 15, 2024, in which they seek a preliminary injunction requiring ICE "to put an end to their Russian Detention & Deterrence Scheme and immediately comply with their 2009 Parole Directive." (ECF No. 7 at 12.) On November 1, 2024, Defendants filed a Cross-Motion to Dismiss the Complaint and Opposition to Plaintiffs' Motion for Preliminary Injunction. (ECF No. 11.) The motion to dismiss is set for hearing on December 13, 2024. (*Id.*) In their motion to dismiss, Defendants argue that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because twenty-five (25) of the plaintiffs have received parole determinations, rendering their claims moot, and the Court lacks jurisdiction to consider the remaining Plaintiffs' claims, (*see id.* at 16-28), and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (*see id.* at 29-30).

Plaintiffs filed the Ex Parte Motion for Expedited Discovery currently before the Court on November 8, 2024. (ECF No. 15.) Plaintiffs seek the "Certified Administrative Records of Defendants' policies, procedures, and practices regarding the detention and

processing of parole requests of Russian asylum seekers." (*Id.* at 1.) They contend that they need the administrative records "in order to understand why and how Defendants are unlawfully circumventing the Parole Directive as it pertains to Russian asylum seekers." (ECF No. 15-1 at 11.) In particular, they seek "the memo governing the detention and parole of Russian asylum seekers." (*See id.* at 12 & n.1, referring to an article dated June 10, 2024 in the New York Post "regarding a leaked memo from ICE which directed ICE officers to release migrants from one-hundred [(100) countries] except six Post Soviet Union countries, including Russia.") On November 12, 2024, Judge Schopler referred the motion for expedited discovery to this Court and directed the parties to file a joint statement within three days of the adjudication of the motion to reset the preliminary injunction hearing. (ECF No. 20.) Defendants filed an opposition to the motion on November 12, 2024. (ECF No. 22). Plaintiffs filed a reply brief on November 14, 2024. (ECF No. 26.)[1] The Court held a discovery hearing on November 15, 2024. (ECF No. 27.)

## II. LEGAL STANDARDS

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Requests for early or expedited discovery are granted only upon a showing of good cause by the moving party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* at 276. In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v.*

---

[1] The Court considered Plaintiffs' reply even though it was single-spaced and thus not in compliance in Civil Local Rule 5.1(a), which requires double-spacing.

*Davis,* 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Apple Inc. v. Samsung Electronics Co., Ltd.,* 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

### III.  DISCUSSION

The Court, having considered the parties' papers and oral argument, finds that Plaintiffs have not established good cause to justify allowing early expedited discovery under the relevant standards. While the Court is mindful of the significant issues raised by Plaintiffs, the arguments they have presented to support expedited discovery go to the merits of this action, that is, the challenge to Defendants' handling of the thirty Russian asylum seekers. The sole issue before this Court, however, is Plaintiffs' motion for expedited discovery. Although there is a motion for preliminary injunction pending in this case, expedited discovery is not automatically granted merely because a party seeks a preliminary injunction; instead, a court must examine "the reasonableness of the request in light of all the surrounding circumstances." *See Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067 (citation omitted). Here, Plaintiffs have not demonstrated good cause for expedited discovery under the present circumstances in this action for several reasons.

First, Defendants' motion to dismiss sets forth several colorable jurisdictional arguments. While this Court does not comment on the weight of those arguments, there is a possibility that the case may be dismissed under one of these grounds. It is premature for Plaintiffs to seek discovery going to the merits of their case before the Court's jurisdiction has been determined, and before the parties have conducted a Rule 26(f) conference. Second, Defendants have provided information indicating that this is not a situation in which the thirty (30) Russian asylum seekers have been detained without reason or adjudication. In fact, action has been taken on all thirty (30) plaintiffs in some form. Twenty-two (22) of the plaintiffs have received a positive parole determination, four (4) have been denied parole, and four (4) have had a negative credible fear finding by an immigration judge and thus do not fall under the 2009 Parole Directive. Of the twenty-two (22) plaintiffs who have been granted parole, fifteen (15) are subject to a temporary restraining order ("TRO") issued by the Louisiana state court and will be released once the

TRO is lifted. Plaintiffs' present situation is therefore not as urgent as they argue and does not support good cause for conducting early expedited discovery. Finally, Plaintiffs have not demonstrated that their need for the discovery sought outweighs the burden on Defendants to comply with Plaintiffs' discovery requests, particularly because discovery is premature in light of Defendants' jurisdictional arguments.

In sum, Plaintiffs have failed to establish good cause to support their motion for expedited discovery.

## IV.   CONCLUSION

For the reasons stated on the record of the Discovery Hearing held on November 15, 2024, and as set forth above, Plaintiffs' Ex Parte Motion for Expedited Discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 20, 2024

Hon. Steve B. Chu
United States Magistrate Judge